IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| BARBARA BLAND, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | For Violations of the Fair Labor |
| | ) | Standards Act of 1938, As Amended |
| SUN MOON ENTERPRISES, INC., | ) | |
| RAJESHREE PATEL, and PRANAB | ) | |
| CHAKRABODY | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW the Plaintiff, Barbara Bland ("Plaintiff" or "Bland"), by and through her undersigned counsel, and files this Complaint against Defendants Sun Moon Enterprises, Inc., Rajeshre Patel, and Pranab Chakrabody, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA" or "the Act"), for unpaid straight-time compensation, as well as retaliation, and in support thereof would state as follows:

## I.  INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the minimum wage and retaliation provisions of the Act by Defendants which have deprived the named Plaintiff of her lawful wages.

2. This action is brought to recover unpaid compensation owed to the Plaintiff pursuant to the FLSA.  The Plaintiff was employed by Defendants, working as a housekeeper and front desk clerk for Defendants in Baxley, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have willfully committed violations of the FLSA by failing to compensate Plaintiff at minimum wage or at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Defendants offered Plaintiff residency at Defendants' hotel in exchange for the Plaintiffs' agreement to perform the equivalent of full-time employment (35-40 hours per week), in exchange for working as a housekeeper and front desk clerk. However, Defendants failed to meet a number of requirements necessary to qualify for a lodging credit towards wages pursuant to Section 3(m) of the FLSA.

5. Defendants exceeded the deductible credit allowed pursuant to Section 3(m) of the FLSA by charging Plaintiffs substantially more than the "reasonable cost" of the lodging provided to Plaintiffs as defined in 29 C.F.R. 531.3(a), disqualifying Defendants from lawfully deducting the costs of lodging from Plaintiff's compensation pursuant to Section 3(m) of the FLSA.

6. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate her for the delay in payment of money due which

Defendants instead used as working capital, as well as attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

8. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

## III. PARTIES

9. Plaintiff Barbara Bland resides in Baxley, Georgia.  Bland was employed by the Defendants as a housekeeper and front desk clerk.  She worked for Defendants within this District.  Plaintiff worked for Defendants solely within the State of Georgia.  Plaintiff's duties typically included cleaning rooms, checking in guests, interacting with guests, and general maintenance of Defendants' hotel.

10. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this

lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

11. Defendant SUN MOON ENTERPRISES, INC. is a company based in Baxley, Georgia, which conducts business within this State and District and maintains its principal place of business at 53 Heritage Street, Baxley, Georgia 31513.  Sun Moon Enterprises, Inc. owns and operates a business specializing in providing lodging to the general public.  Sun Moon Enterprises, Inc. can be served through its registered agent, Rajeshree Patel, at 53 Heritage Street, Baxley, Georgia 31513.

12. Sun Moon Enterprises, Inc.is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit.

13. Defendant Sun Moon Enterprises, Inc. maintains actual and constructive control, oversight, and direction over the operation of its employees.

14. Defendant Rajeshree Patel is one of the owners and operators of Sun Moon Enterprises, Inc. and has actual and constructive control, oversight, and direction over the day-to-day operations of Sun Moon Enterprises, Inc., including, but not limited to, the compensation of Sun Moon Enterprises, Inc. employees and the hours those employees work.

15. Defendant Pranab Chakrabody is one of the owners and operators of Sun Moon Enterprises, Inc. and has actual and constructive control, oversight, and direction over the day-to-day operations of Sun Moon Enterprises, Inc., including, but not

limited to, the compensation of Sun Moon Enterprises, Inc. employees and the hours those employees work.

16. At all times material to this action, Defendant Sun Moon Enterprises, Inc. was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant Sun Moon Enterprises, Inc. specializes in providing hotel rooms and services in the States of Georgia to interstate and intrastate travelers. Defendant Sun Moon Enterprises, Inc. utilizes bank accounts with banking entities which transact business outside the State of Georgia. Defendant Sun Moon Enterprises, Inc. regularly utilizes materials manufactured outside the state of Georgia for the benefit of Defendant Sun Moon Enterprises, Inc. clients. Defendant Sun Moon Enterprises, Inc. typically rents rooms to interstate travelers. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant Sun Moon Enterprises, Inc.'s business.

17. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

18. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV.  VIOLATIONS OF THE FLSA

### COUNT 1- Violations of the minimum wage provisions of the FLSA

19. Defendants employed Plaintiff as a housekeeper and front desk clerk in Baxley, Georgia.

20. Plaintiff was employed by Defendants from May of 2021 until the present.

21. During Plaintiff's employment with Defendants, Plaintiff worked approximately 40 hours per week, but was not compensated for any time.

22. Plaintiff was not paid during her employment.

23. Plaintiff did not receive proper compensation for hours worked during the following weeks applicable to this action: 5/3/21, 5/10/21, 5/17/21, 5/24/21, 5/31/21, 6/7/21, 6/14/21, 6/21/21, 6/28/21, 7/5/21, 7/12/21, 7/19/21, 7/26/21, 8/2/21, 8/9/21, 8/16/21, 8/23/21, 8/30/21, 8/6/21, 8/13/21, 8/20/21, 8/27/21, 8/4/21, 8/11/21, 8/18/21, 8/25/21, 11/1/21, 11/8/21, 11/15/21, 11/22/21, 11/29/21, 12/6/21, 12/13/21, 12/13/21, 12/21/21, 1/3/22, 1/10/22, 1/17/22, 1/24/22, 1/31/22, 1/7/22, 2/14/22, 2/21/22, 2/28/22, 3/7/22, 3/7/22, 3/14/22, 3/21/22, 3/28/22, 4/4/22, 4/11/22, 4/18/22, 4/25/22, 5/2/22, 5/9/22, 5/16/22, 5/23/22, 5/30/22, 6/6/22, 6/13/22, 6/20/22, 6/27/22, 7/4/22, 7/11/22, 7/18/22, 7/25/22, 8/1/22, 8/8/22, 8/15/22, 8/22/22, 8/29/22, 9/5/22, 9/12/22, 9/19/22, and 9/26/22.

24. Plaintiff seeks unpaid compensation at her agreed-upon rate of $10.25 per hour for 40 hours per week.  Specifically, Plaintiff seeks no less than thirty thousand seven hundred fifty dollars and zero cents ($30,750.00)[1] in unpaid minimum wage compensation.  Plaintiff seeks liquidated damages equal to that amount, for a total

---

[1] $10.25 [hourly wage]  X 40 [hours per week] X 75 [weeks worked] = $30,750.00.

claim of unpaid minimum wages of sixty-one thousand five hundred dollars and zero cents ($61,500.00), plus attorney's fees and costs.

**COUNT 2- Violations of the anti-retaliation provisions of the FLSA**

25. Defendants unlawfully retaliated against Plaintiff by threatening to immediately evict Plaintiff in violation of Georgia tenancy laws and by mistreating Plaintiff after Plaintiff inquired/complained about her unpaid wages.

**V.  PRAYER FOR RELIEF**

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment which the Defendants unlawfully used instead as working capital of the business;

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 3rd day of October, 2022.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff