IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BARBARA BLAND, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 2:22-CV-00102-LGW-BWC |
| ) | |
| v. ) | For Violations of the Fair Labor |
| ) | Standards Act of 1938, As Amended |
| SUN MOON ENTERPRISES, INC., ) | |
| RAJESHREE PATEL, and PRANAB ) | |
| CHAKRABORTY ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S SEPTEMBER 12, 2023, ORDER**

COMES NOW Plaintiff, Barbara Bland, and, pursuant to the Court's September 12, 2023, Order (doc. 27), respectfully provides notice to this Court that Plaintiff intends to pursue her Notice of Contempt and Breach of Settlement Agreement And Motion for Specific Performance (doc. 24) for the reasons set forth, *infra*:

Plaintiff has not been paid in full

Pursuant to the Settlement Agreement entered into between the parties, "In the event that any check written by Defendants for the settlement of this case would be returned unpaid/dishonored **in any way**, the Defendants will pay for any fees incurred by the party in receipt of such check.  In addition, **once the 10-day period for a cure has lapsed, Defendants will pay to party in receipt of the check, interest in the amount of 10% each day that the check remains unpaid**." Doc. 20-1 at 4 (emphases added).  On June 30, 2023, Defendants delivered checks to Plaintiff in direct contravention of the plain language of the Settlement Agreement entered into between the parties.  Despite the non-conformance, Plaintiff took good-faith steps to honor the checks.  Plaintiff put Defendants on notice, on July 14, 2023, that the

checks, as written (in contravention of the Settlement Agreement) were not honored. Defendants did not cure the deficiency within the time allowed by the Settlement Agreement. Instead, Defendants waited until September 6, 2023, to cure the dishonored checks. As reflected in the second table contained in Plaintiff's motion (doc. 27 at 11), the penalty for presenting payments on September 6, 2023, is no less than $59,575.87. Defendants have not tendered that amount. Accordingly, Plaintiff intends to pursue the remaining $59,575.87 owed to her under the Settlement Agreement.

This Court may retain jurisdiction over this matter

In light of Defendants' breach, Plaintiff seeks specific performance of the Settlement Agreement, as opposed to rescission (in which case the underlying FLSA case would be revived). The parties' forum selection clause states that "Plaintiff agrees to the dismissal of the Lawsuit with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with each party to bear her, his, or its own costs, attorneys' fees, and expenses, except as specifically agreed to herein, subject only to Defendants' satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction." Plaintiff recognizes that, with the extinguishment of the FLSA claim, this Court may, at its own discretion, chose to remove this case to the appropriate state court. *See, e.g., In re Carter* 618 F.2d 1093, 1101 (5th Cir. 1980)("When a [] narrowing of the issues excludes all federal claims, whether a pendant state claim should be remanded to a state court is a question of judicial discretion, not of subject matter jurisdiction.[citing] *Rosado v. Wyman*, 397 U.S. 397, 403-05, 90 S.Ct. 1207, 1213-15, 25 L.Ed.2d 442 (1970); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996, 1001 (5th Cir. 1974), cert. denied, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975); *Webb v.*

*Bladen*, 480 F.2d 306, 309 (4th Cir. 1973). ").  To the extent the Court chooses to waive jurisdiction over the enforcement of the Settlement Agreement, Plaintiff respectfully requests that this case be remanded to the Superior Court of Appling County, Georgia.

Respectfully submitted this 19th day of September, 2023.

                      */s/ Tyler B. Kaspers*
                      Tyler B. Kaspers, Ga. Bar No. 445708
                      THE KASPERS FIRM, LLC
                      152 New Street, Suite 109B
                      Macon, GA  31201
                      tyler@kaspersfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BARBARA BLAND, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | 2:22-CV-00102-LGW-BWC |
| ) | |
| v. ) | For Violations of the Fair Labor |
| ) | Standards Act of 1938, As Amended |
| SUN MOON ENTERPRISES, INC., ) | |
| RAJESHREE PATEL, and PRANAB ) | |
| CHAKRABORTY ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2023, I filed the foregoing PLAINTIFF'S RESPONSE TO THE COURT'S SEPTEMBER 12, 2023, ORDER using the Court's CM/ECF system, which will automatically send an electronic copy of this document to:

Ian Smith
SPIRE LAW, LLC
2572 W. State Road, 426, Suite 2088
Oveido, Florida  32765
ian@spirelawfirm.com

*/s/ Tyler Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128